Samuel Faile, S.
In this accounting proceeding several issues have been raised by objections interposed by testator’s widow to the account of the executors.
The decedent, a resident of Westchester County, died on July 28,1951 at Barcelona, Spain, survived by his widow, an adopted infant son, two brothers and one sister. The objections to probate filed by the widow of the testator subsequently were withdrawn pursuant to an agreement of compromise which among other things provided that she renounce all rights and interests under the aforesaid will and that a sum of money equivalent to the value of one third of certain designated property, less certain deductions, be paid to her and an adopted son in percentages of 60% and 40% respectively. The agreement expressly provided that the widow “ shall be entitled to all rights of accounting in the said Surrogate’s Court to the same extent as if she were a distributee under Decedent’s Will ” (italics added). By a decree of this court dated June 5, 1952 the compromise agreement was approved and confirmed and the will of testator as modified by such agreement was admitted to probate and letters testamentary were issued to the petitioners.
On October 24, 1955 and November 17, 1955 hearings were held Avith respect to the issues raised by the objections filed to the account. At the close of the hearing, petitioners’ motion to dismiss was granted with respect to objections numbered ‘ ‘ One ’ ’ and ‘ ‘ Eight ’ ’.
Objection number “ Two ” relates to the value of decedent’s one-half interest in 4,130 acres of unimproved land located in Irvington-on-Hudson. A valuation of such real property is necessary in order to ascertain the sums payable to the Avidow and adopted son of decedent finder the compromise agreement. Such asset is valued in the account at $1,500 and objectant, whose interest in the property under the terms of the agreement of compromise includes a fractional share of the value of decedent’s *622 interest in said premises, contends that the fair market value of such land is not less than $3,000 per acre. A real estate broker testified on behalf of objectant that the value of the entire parcel of property was $8,000, but expressed no opinion as to the value of decedent’s one-half interest in such property. In his appraisal of the premises the witness did not take into consideration the fact that the title is unmarketable or that to render the title marketable might subject the owners to litigation and the expense incident thereto. The testimony adduced on behalf of petitioners was designed to establish that a one-half interest in said real property was worth less than one half of the fair market value of the entire parcel of property and established that decedent’s interest in such property was valued in the State estate tax proceeding at $1,500. The evidence introduced by objectant is wholly insufficient to establish that the interest of decedent in such property has a present market value in excess of $1,500. Accordingly, the court determines that $1,500 is the fair and reasonable market value of the property in question and objection number “ Two ” is therefore dismissed.
Objection numbered “ Three ” relating to the income earned upon estate assets during the period of administration alleges that a prudent investment policy would have resulted in substantially greater income to the estate. The rights of the objectant are defined by the agreement of compromise which contains no express provision for the payment of interest or income. Nor is there any requirement that the sum of $75,000 deposited in an escrow fund pursuant to the agreement to insure the payments required to be made to the widow and the adopted son of decedent be invested for the benefit of the objectant. The compromise agreement contains various conditions subjecting the escrow agent to the directions and control of the depositors with respect to investments of the escrow fund.
Included in the property, one third of the value of which is to be paid to the objectant and her son, is the entire residuary estate. If it be assumed that the widow in effect is a residuary legatee and as such entitled to the benefits of section 17-b of the Personal Property Law, she would be entitled to income earned or which should have been earned upon estate assets during the period of administration. It is well established that one of the primary obligations of the estate representative is to invest estate assets in order that such funds may be productive and such representative is liable for any loss sustained by reason of his failure to exercise prudence in the investment of estate funds. (Matter of Kruger, 139 Misc. 907.) However, the rule of prudence must be applied to the facts of each case and con *623 sidered against the background the problems of administration presented in a particular estate. (Matter of Burroughs, 155 Misc. 237; Matter of Curran, 203 Misc. 956; Matter of Schneider, 198 Misc. 1017.) In this case, in addition to other unusual circumstances, the amount of cash required to be made available for the payment of estate taxes, administration expenses and for distribution and the uncertainty as to the dates when such payments would have to be made rendered it advisable to maintain large cash reserves to meet such payments. One of the legatees, a brother of testator, refused to accept payment of his legacy or to execute any documents related to the estate. The remaining brother and sister of decedent, who were the only other beneficiaries under the will, expressly requested that the executors not invest estate assets and stipulated to that effect in the contract under which they purchased decedent’s home with respect to the proceeds of such sale. Furthermore, the administration of the present estate was delayed pending completion of the administration of the estate of Pedro Smith, a predeceased brother of testator. Accordingly, the court determines that the executors were not negligent or imprudent in failing to invest such funds or in failing to obtain greater income and the court therefore dismisses objection number “ Three ”.
Objections number “ Four ” and number “ Five ” relate to the amount of Federal and State estate taxes paid by the executors and allege that the payments for estate taxes are in excess of those required to be made upon estate assets included in the account of the executors. The evidence adduced at the hearing established that the proceeds of life insurance policies issued upon the life of decedent in the amount of $53,000 had been paid to the designated beneficiaries and that the executors had paid the estate taxes imposed thereon from the residuary estate as directed by the will. At the hearing the objeetant moved to amend objections number “ Four ” and number “ Five ” to extend to the alleged failure of the executors to claim the benefits of a marital deduction. The marital deduction was disallowed and objeetant contends that by failing to claim the marital deduction until after the filing of the original returns, the executors waived the right to claim any marital deduction. The objeetant has failed to establish that the disallowance of the marital deduction was based upon the initial failure to claim such deduction or that this was an issue in the estate tax proceeding. Objectants having failed to establish that any loss has occurred, as yet, or that there has been any waiver of the right to claim such marital deduction, objections “ Four ” and “ Five ” are dismissed, but without prejudice.
*624 The attorneys for the executors have already been paid a fee of $9,000 for services rendered in connection with the administration of the estate including the probate contest. The additional fee of $2,500 now requested does not include compensation for legal services rendered in the contested accounting proceeding. The court in determining the reasonableness of the attorneys’ fees has given consideration to the time spent, the difficulties involved in the matters in which services were rendered, the nature of the services, the amount of the estate, the professional standing of the attorneys, and most important of all, the results obtained by such attorneys. (Matter of Potts, 213 App. Div. 59, affd. 241 N. Y. 593.) The court determines that the sum of $9,000 represents the fair value of legal services rendered to and including the filing of the account. Appropriate application may be made in this proceeding for an allowance for legal services since rendered in the proceeding for its judicial settlement including the services rendered in connection with the issues raised by the objections.
Objection number “ Seven ” relating to the computation of objectant’s interest and opposing the requested retention of the sum of $6,000 by the executors to defray any additional estate taxes, and administration expenses is overruled and dismissed. The objectant has failed to present sufficient evidence to sustain the first portion of such objection. As to the reservation of the sum requested, it appears that there is an appeal pending before the Tax Court with respect to the amount of Federal estate taxes payable which may involve a further appeal to the Circuit Court of Appeals. Unless the executors retain sufficient assets, they may be exposed to personal liability for the payment of any additional estate taxes and further legal services and expenses. The court determines that $6,000 is a reasonable sum for the executors to retain to provide for the payment of any future tax liabilities or other administration expenses.
Settle decree.